UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER,<br><br>Plaintiff,<br><br>v.<br><br>K. RODRIGUEZ, et al.,<br><br>Defendants. | Case No.: 3:17-cv-00538-JAH-PCL<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT OR ORDER AND SUA SPONTE GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT** |

**I.    Procedural History**

On March 16, 2017, Dean Schwartzmiller ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  In addition, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).  On May 22, 2017, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.  (Doc. No. 3 at 12-13.)

Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 13.) Instead of following the Court's Order, Plaintiff filed a Motion for Preliminary Injunction which the Court denied on June 6, 2017. (Doc. Nos. 5, 6.) Plaintiff then filed a "Motion to Alter or Amend" pursuant to Fed.R.Civ.P. 52(b) & 59(e). (Doc. No. 8.) Soon after, Plaintiff filed a Notice of Appeal to the Ninth Circuit regarding the Court's June 6, 2017 Order denying Plaintiff's Motion for Preliminary Injunction. (Doc. No. 9.) On September 13, 2017, the Ninth Circuit issued an Order summarily affirming this Court's June 6, 2017 Order finding that "a review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as to not require further argument." (Doc. No. 13 at 1.)

## II.  Plaintiff's Motion

### A.  Standard of Review

While Plaintiff purports to bring this Motion pursuant to Rule 52(b) and Rule 59(b), both of those sections relate to judgments and no judgment has yet to be entered in this matter. Plaintiff's Complaint was dismissed without prejudice and with leave to amend. However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter an order pursuant to Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b*); School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

/ / /

/ / /

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

### B. Plaintiff's arguments

Plaintiff claims that this Court is "biased and prejudiced" as well as "legally, factually and morally wrong." (Pl.'s Mot. at 1.) Plaintiff maintains that each ground of dismissal contained in the Court's May 22, 2017 Order were "improvidently decided for 'good ole boys'." (*Id.* at 2.)

#### 1. IFP Motion

Plaintiff indicates that the granting of his IFP Motion "is the only portion of the documents submitted to this Court that was accepted as being correct but only so it could deduct the $350.00 filing fee from Plaintiff's trust account." (*Id.*) Plaintiff "suggests" that the Court "secure this money from Plaintiff's Social Security account that he has paid into ever since 1952 but cannot draw out of now because he is in prison." (*Id.*)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified

copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

There is no discretion for the Court to garnish the $400 filing fee from any account other than the one held in Plaintiff's name in the institution where he is housed. Plaintiff's request that the Court garnish the filing fee from any other source is DENIED.

        2.        Plaintiff's Complaint

Plaintiff claims that the Court "ignored" his claims of conspiracy between prison officials and John Larson, the journalist who produced a news story about Plaintiff which apparently aired in NBC in 2006. (Pl.'s Mtn. at 3.) Plaintiff's Complaint contains a number of allegations that there are falsehoods and lies perpetuated by this journalist throughout the program that aired. Plaintiff allegations that there is a conspiracy between a journalist and "prosecution authorities in San Jose, California," as well as Defendant Noel, an FBI agent, all arise from events that occurred in 2006. (Compl. at 22, 24.) As the Court found in the May 22, 2017 Order, these claims fall far outside the applicable statute of limitations. (Doc. No. 3 at 9.) Plaintiff has offered no facts from which the Court could find that he is eligible for equitable tolling of these claims.

Plaintiff does not identify the alleged conspiracy between Larson and RJD officials. Instead, he alleges that Larson caused this story to be placed on the internet, presumably because it aired on a NBC news program, and many years later RJD officials

4

3:17-cv-00538-JAH-PCL

retrieved this story from the internet. (Pl.'s Mot. at 3.) He has been given leave to correct the deficiencies of pleading identified by the Court. Even if Plaintiff does seek to amend his Complaint to add a clear conspiracy claim between Larson, NBC News and RJD officials, it is unlikely that such a claim would be plausible to survive the sua sponte screening process.

42 U.S.C. § 1985 proscribes conspiracies to interfere with certain civil rights. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988). In order to state a claim for conspiracy, Plaintiff must allege that two or more Defendants conspired "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny [him] the equal protection of the law." 42 U.S.C. § 1985(2). The absence of a § 1983 deprivation of rights precludes a § 1985 conspiracy claim based on the same allegations. *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 739 (9th Cir. 1987); *see also Mahaney v. Warren County*, 206 F.3d 770, 772 (8th Cir. 2000) (holding that "bare" allegations are insufficient to support a claim under § 1985 for civil conspiracy). Here, Plaintiff's claims that there is a connection between an airing of a broadcast in 2006, apparently also available on the internet since 2006, and prison officials locating this broadcast ten years later is not a plausible conspiracy claim. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" falls short of meeting the *Iqbal* plausibility standard. *Id.; see also Moss v. U. S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff also disagrees with the Court's determination that he could not proceed on behalf "Christopher Dean Harmon, Jr., a minor child" whom he listed as a co-plaintiff. Plaintiff's Complaint describes Harmon as a "minor adolescent now 15 years of age" and

is Plaintiff's "Heir Apparent." (Compl. at 6.) In his Motion, Plaintiff argues that he should be able to represent other individuals because he has been named as a lead plaintiff in a class action and he has "over 40 years of both pleading and trial court experience for both attorneys and other prisoners." (Pl.'s Mot. at 6.)

Plaintiff appears to confuse the right to assist other prisoners in preparing legal work with actually appearing on behalf of other inmates or individuals in any Court. Rule 11 clearly provides "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party." Fed.R.Civ.P. 11(a). Here, purported Plaintiff Harmon has not signed the Complaint nor filed a separate Motion to Proceed IFP. Plaintiff, as a non-attorney party appearing IFP on his own behalf, does not have the right to represent any other party. *See C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987).

Plaintiff further maintains this Court's "decision to dismiss [Plaintiff's Eighth Amendment claim] epitomizes its bias and prejudice toward both this Plaintiff and the subject matter of this Complaint, but like it or not, *Lawrence v. Texas*, 539 U.S. 558 (2003) is reality and has been so now for 14 years." (Pl.'s Mot. at 14.) Plaintiff's argument relating to his Eighth Amendment claims is incoherent. These claims were dismissed because they were duplicative of claims he litigated in another matter. *See Schwartzmiller, et al. v. Brown, et al.*, S.D. Cal Civil Case No. 3:13-cv-01253-WQH-NLS. It is not at all clear on what basis Plaintiff claims that the Court was biased or prejudiced towards him. Plaintiff appears to have a misunderstanding that the Court dismissed his entire action as duplicative but this portion of the Order related only to his Eighth Amendment claims. (*See* Doc. No. 3 at 10.)

Plaintiff's entire Motion contains allegations that this Court is biased without any specific factual allegations. Plaintiff claims "when there is biased and prejudicial or bigoted states of mind, in either the Court or the carefully selected Orwellian law clerks, such an Order as was made here is the result." (Pl.'s Mot. at 7.) Plaintiff's Motion

contains a number of such statements but he fails to properly support any of this arguments with coherent factual allegations or relevant legal authority. Because Plaintiff has provided no basis for the Court to vacate or set aside its May 22, 2017 Order, relief under Rule 60 is not warranted. *See School Dist. No. 1J*, 5 F.3d at 1442; *Engleson*, 972 F.2d at 1044. A motion for reconsideration cannot be granted simply because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with its ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure 2d § 2858 (Supp. 2015) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)).

### III. Conclusion and Order

For these reasons, IT IS ORDERED that:

(1) Plaintiff's Motion to Alter or Amend Order (Doc. No. 8) is DENIED.

(2) Plaintiff is sua sponte **GRANTED** forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted in the Court's May 22, 2017 Order. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

(3) The Clerk of Court is directed to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

Dated: September 19, 2017

Hon. John A. Houston
United States District Judge