UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER,<br><br>                                    Plaintiff,<br><br>v.<br><br>K. RODRIGUEZ, et al.,<br><br>                                    Defendants. | Case No.:  3:17-cv-00538-JAH-PCL<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION TO ALTER OR AMEND AND SUA SPONTE GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT** |

## I.     Procedural History

On March 16, 2017, Dean Schwartzmiller ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).   In addition, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).  On May 22, 2017, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.  (Doc. No. 3 at 12-13.)

Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 13.) Instead of following the Court's Order, Plaintiff filed a Motion for Preliminary Injunction which the Court denied on June 6, 2017. (Doc. Nos. 5, 6.) Plaintiff then filed a "Motion to Alter or Amend" pursuant to Fed.R.Civ.P. 52(b) & 59(e). (Doc. No. 8.) Soon after, Plaintiff filed a Notice of Appeal to the Ninth Circuit regarding the Court's June 6, 2017 Order denying Plaintiff's Motion for Preliminary Injunction. (Doc. No. 9.) On September 13, 2017, the Ninth Circuit issued an Order summarily affirming this Court's June 6, 2017 Order finding that "a review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as to not require further argument." (Doc. No. 13 at 1.)

This Court DENIED Plaintiff's "Motion to Alter or Amend Order on Motion for Leave to Proceed *In Forma Pauperis*" on September 22, 2017. (Doc. No. 14.) Plaintiff was, however, sua sponte granted an extension of time to file a First Amended Complaint to correct the deficiencies of pleading identified in the Court's May 22, 2017 Order. (*Id.* at 7.) However, Plaintiff has not complied with either the May 22, 2017 Order or the September 22, 2017 Order but instead has filed a "Motion to Reconsider Order Denying Motion to Alter or Amend." (Doc. No. 17.)

## II.    Plaintiff's Motion

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has

been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b*); School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

Plaintiff's Motion consists of his clear disagreement with the Court's Orders but provides no new arguments or facts that would require the Court to vacate any of the prior Orders. Plaintiff, at times, argues that the Court's screening order of his forty eight (48) page Complaint in which he named thirty seven (37) Defendants was factually and legally wrong. At other times, Plaintiff argues that the Court's order denying his previously Motion for Reconsideration was factually and legally wrong. Plaintiff claims that the "Court has acted as though it were a party to the case fighting a Rule 12(b) motion with evidence before it." (Pl.'s Mot. at 19.) Plaintiff claims that the Court should not "manufacture" a "complete defense" from "facts that do not exist." (*Id.*) Finally, Plaintiff claims that the Court "did not address all of the arguments" in the previous Motion or found in his Complaint. (*Id.* at 20.)

The "policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules." *In re Marino,* 37 F.3d 1354, 1357 (9th Cir. 1994). Moreover, as the Court noted in its May 22, 2017 Order, Rule 8 specifically requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, as well as a demand for relief sought. FED. R. CIV. P. 8(a). "Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints

3:17-cv-00538-JAH-PCL

1  such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges")).

2  Just because the Court cited to relevant portions of his pleading in its Order in an

3  attempt to concisely summarize the bases of Plaintiff's claims does not mean it ignored the

4  rest. While not required to "waste[] half a day in chambers preparing the 'short and plain

5  statement' which Rule 8 obligate[s] [the] plaintiff[] to submit," *McHenry*, 84 F.3d at 1179-

6  80, that *is* what the Court attempted to do in order to simply and clearly describe the nature

7  of his suit, and to determine the basis of its jurisdiction. The Court is not further required

8  to comb through a pleading that violates Rule 8 in order to "fish a gold coin from a bucket

9  of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.

10  2003).

11  Moreover, to the extent Plaintiff implies that the Court has failed to liberally construe

12  his pleadings, "[p]ro se litigants must follow the same rules of procedure that govern other

13  litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*,

14  46 F.3d 52, 54 (9th Cir. 1995) (per curiam); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th

15  Cir. 1986). "The hazards which beset a layman when he seeks to represent himself are

16  obvious. He who proceeds pro se with full knowledge and understanding of the risks does

17  so with no greater rights than a litigant represented by a lawyer, and the trial court is under

18  no obligation to become an 'advocate' for or to assist and guide the pro se layman through

19  the trial thicket." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (quoting

20  *United States v. Pinkey*, 548 F.2d 30, 311 (10th Cir. 1977)).

21  **III.    Conclusion and Order**

22  For these reasons, IT IS ORDERED that:

23  (1)    Plaintiff's Motion to Reconsider Order Denying Motion to Alter or Amend

24  Order (Doc. No. 17) is DENIED.  No further Motions for Reconsideration will be

25  accepted for filing.

26  (2)    Plaintiff is sua sponte **GRANTED** thirty (30) days leave from the date of

27  this Order in which to file an Amended Complaint which cures all the deficiencies of

28  pleading noted in the Court's May 22, 2017 Order. Plaintiff's Amended Complaint must

be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). No further extensions of time will be granted absent the showing of extraordinary circumstances.

(3)     If Plaintiff fails to file an Amended Complaint in the time frame set forth above, the Court will issue an Order dismissing the entire action with prejudice for the reasons set forth in the Court's May 22, 2017 Order and for failing to comply with Court Orders pursuant to FED. R. CIV. P. 41(b).

(4)     The Clerk of Court is directed to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

Dated: November 2, 2017

Hon. John A. Houston
United States District Judge