UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER, F-67490<br><br>         Plaintiff,<br><br>vs.<br><br>K. RODRIGUEZ, et al.,<br><br>         Defendants. | Case No. 3:17-cv-00538-JAH-PCL<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

**I. Procedural History**

  Dean Schwartzmiller ("Plaintiff"), is proceeding pro se in this civil action, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) At the time he filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

/ / /

1

On May 22, 2017, the Court granted Plaintiff leave to proceed IFP and conducted its mandatory initial screening of Plaintiff's Complaint. (ECF No. 3.) The Court dismissed Plaintiff's Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (*Id.*). The Court granted Plaintiff forty five (45) days leave in which to file an Amended Complaint that addressed the deficiencies of pleading it identified. (*Id.*). *See also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

Instead of filing an amended pleading, Plaintiff filed a Motion for Preliminary Injunction and later a "Motion to Alter or Amend Order." (ECF Nos. 5, 8.) The Court denied Plaintiff's Motion for Preliminary Injunction which Plaintiff appealed to the Ninth Circuit Court of Appeals. (ECF Nos. 6, 9.) On September 22, 2017, this Court denied Plaintiff's "Motion to Alter or Amend Order" and sua sponte granted Plaintiff an extension of time to file a First Amended Complaint. (ECF No. 14.) The Ninth Circuit affirmed the Court's ruling on Plaintiff's request for injunctive relief on October 5, 2017. (ECF No. 15.)

Again, Plaintiff chose not to file a First Amended Complaint and instead filed a "Motion for Reconsideration." (ECF No. 17.) On November 8, 2017, the Court denied Plaintiff's Motion and again sua sponte granted Plaintiff an additional thirty (30) days leave to file a First Amended Complaint. (ECF No. 18.)

That time has since passed and Plaintiff has failed to file an Amended Complaint. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

///

///

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's November 8, 2017 Order.

The Clerk of Court is directed to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: March 7, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE